E-FILED
Friday, 14 December, 2012 09:49:08 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
OFR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 11-CR-10082 |
| | ) | |
| CHARLES W. POLLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD MOTION TO SUPPRESS**
(Fed. R. Crim. P. 12(b)(3)(C))

Defendant, Charles W. Pollock, by his court-appointed counsel moves to suppress all photographs of and testimony regarding the Nissan Altima (VIN: 1N4BU31D2RC213615) which was searched as a result of the July 25, 2011 search warrant. In support, the defendant states as follows:

**Facts set forth in search warrant of July 25, 2011**

1. On or about July 25, 2011, Detective Carl Kraemer of the Knox County Sheriff's Department stated, under oath, the facts set forth in the complaint for search warrant. (Attached hereto and marked "Exhibit 1" is a copy of said Complaint for Search Warrant.)

2. Initially, Det. Kraemer sought evidence of a variety of offenses including aggravated criminal sexual assault and violation of the FOID Act. Complaint for Search Warrant ¶1.

3. The complaint sought, among others items, "firearms and ammunition." Complaint for Search Warrant ¶1.

4. The items to be seized allegedly were located at ",            _  _ , Victoria, Knox County, IL 61485" within "any and all vehicles on the above listed property." Complaint

1

for Search Warrant ¶2. More specifically, it was believed that the Defendant had "secured his firearms and ammunition in the trunk of a vehicle on the premises." *Id.* at ¶9.

5. The complaint alleges, among others:

   a. That on July 21, 2011, Search Warrant 11SW42 was executed at the same address and that 16 rounds of ammunition were found within an upstairs bedroom of the house on the property. Complaint for Search Warrant ¶3.

   b. That there are "approximately 50 junk vehicles on the property and were not included in search warrant 11SW42." Complaint for Search Warrant ¶3.

   c. That on July 23, 2011, in a recorded call from Defendant to his mother, she asked him "what he did with the things he took back from her residence." Complaint for Search Warrant ¶5. Defendant replied "Todd Claeys was supposed to get all that'" and that "he planned to have Claeys take them to Al's Sporting Goods to be auctioned off." *Id.*

   d. That on July 23, 2011, in a recorded call from Defendant to Todd Claeys, Defendant asked Claeys "if he had took care of that stuff for him yet," and Defendant instructed Claeys to "pry open the trunk if he had to." Complaint for Search Warrant ¶6.

   e. That later on July 23, 2011, in a recorded call from Defendant to Todd Claeys, Defendant "asked if he got his stereo yet. Claeys responded absolutely and that it kicks ass and was the best stereo he ever had." Complaint for Search Warrant ¶8. Defendant then "said he would put Claeys in touch with his mother about getting his stuff back to her." *Id.*

6. The complaint offers no additional information other than law enforcement was looking for a car on Defendant's property.

**Motion to suppress pursuant to U.S. v. Schroeder**

1. The photographs of the Nissan Altima taken during the execution of the July 25, 2011 search warrant and any testimony regarding such vehicle should be suppressed, based on the fact that the vehicle was found on property not contained within the search warrant, and was subsequently searched in violation of the of the Fourth Amendment.

2. In fact, law enforcement had to cross a fence and proceed approximately one hundred yards on to the property of another to the find the car they were looking for.

3. In *U.S. v. Schroeder*, 129 F.3d 439 (8th Cir. 1997), a warrant was obtained to search the "the premises and property, including all buildings and vehicles," but no common address was provided, so the property was identified through driving directions and a description of the structures thereon. *Id.* at 440. However, the officers took a wrong turn and approached the property from a road not contained within the directions of the search warrant. *Id.* Because they approached from the wrong direction, the officers began their search at a mobile home on an adjacent property to the one indicated in the search warrant. *Id.* This property was separated from the property in the search warrant by a barbed wire fence. *Id.* Fortuitously, evidence of the manufacturing of methamphetamine was found on the property contained within the search warrant, and in the adjacent mobile home, for which there had been no search warrant issued. *Id.* Based on this search, Mr. Schroeder, who occupied the adjacent mobile home, was arrested along with the person occupying the property described in the search warrant. *Id.*

4. In overturning the district court's denial of Mr. Schroeder's motion to suppress the evidence found on his property, the circuit court noted that "surely two residences, separated by a barbed wire fence and maintaining separate addresses" are separate entities for Fourth Amendment Purposes. *Id.* at 442. The court went on to note that the warrant did not violate the Constitution for lack of specificity, but the warrantless search of the adjacent property was unconstitutional. *Id.*

5. Just as in *Schroeder*, the Nissan Altima which was searched pursuant to the July 25, 2011 warrant was located on a property adjacent to that indicated on the search warrant, and therefore all evidence resulting from the unconstitutional portion of the search should be suppressed. *See id.*

6. Photographs provided by government through discovery, in combination with other aerial photographs, show the location of the vehicle. Exhibit 2 is a photograph taken by officers executing the search warrant which shows the vehicle parked facing a tree line with a small shed some distance from the driver's side door. Exhibit 3, another photograph taken by officers, shows the vehicle in same position with two mature trees some distance behind the vehicle on the driver's side, with a fence line further behind those trees, and a number of vehicles on the other side of that fence line, including what appears to be a large box truck and a camper. Aerial surveillance video taken by the government confirms the position of these large vehicles and mature trees. (Surveillance Video at :59-1:06). The fence in Exhibit 3 is the fence that officers presumably climbed over and then travelled for a distance the length of a football field until coming upon the vehicle.

7. Exhibit 4 is an aerial image of the property in the search warrant and surrounding area. The house is closest to road with the garage to the northeast. Many of the vehicles from

the surveillance video are missing, however, the large box truck and camper can be seen to the northeast of the garage. Looking further to the north and east a fence line can be seen, and just beyond the fence line, directly north of the vehicles, there are two mature trees. Northwest of the trees is an unidentified vehicle, and further northwest is a small shed.

8. Exhibit 5 is the same aerial image, focused on the camper/box truck, fence line, mature trees, and small shed in the far northwest corner.

9. Taken in combination the abovementioned exhibits illustrate that the Nissan Altima was parked northeast of the mature trees, directly across from the small shed, which is clearly on the opposite side of the fence where the camper and box truck are located.

10. The fence line in the photographs indicates the property boundary for Knox County IL 61685—the property indicated on the search warrant.

11. Because the Nissan Altima was parked on a property adjacent to the property described in the search warrant, the search of the vehicle violated the defendant's Fourth Amendment rights. The fence line clearly indicated the boundary of the property to be searched, and the officers executing the warrant knowingly and unreasonably went beyond the fence in violation of the constitutional protections against unreasonable search and seizure. *See Schroeder*, 129 F.3d 439.

WHEREFORE, the defendant requests this court enter an order suppressing all photographic evidence and testimony regarding the Nissan Altima (VIN: 1N4BU31D2RC213615) that was searched as result of the July 25, 2011 search warrant, and for such other relief the court deems fair and just.

/s/ Anthony W. Vaupel
Anthony W. Vaupel
**Attorney for the defendant**

## CERTIFICATE OF SERVICE

I, Anthony W. Vaupel, an attorney, hereby certify that on December 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office and all CM/ECF participants to:

Tate Chambers, U.S. Attorney Office
Tate.Chambers@usdoj.gov

/s/Anthony W. Vaupel
Anthony W. Vaupel

Anthony W. Vaupel (ARDC# 6276096)
Of Barash & Everett, LLC
Defendant's Attorney
256 S. Soangetaha, Suite 108
Galesburg, IL 61401
Telephone: (309)341-6010
Facsimile: (309)341-1945
Email: tony@barashlaw.com