IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-10082 |
| ) | |
| CHARLES W. POLLOCK, JR. ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO SUPPRESS

Now comes the United States of America by James A. Lewis, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney for the Central District of Illinois, and in response to defendant's second Motion to Suppress, states as follows:

I. Factual Background

A. On July 21, 2011, Detective Carl Kraemer of the Knox County Sheriff's Department applied for a search warrant to search the Knox County residence of the defendant, Charles Pollock. Among other facts, Detective Kraemer was aware that an argument between Kim Bowyer and Pollock led her to file a stolen vehicle report on July 10, 2011. He also knew that

1

| | |
|---|---|
| | Bowyer had recovered her vehicle later that day after Pollock sent her text messages revealing the location of the vehicle. The vehicle had been damaged and certain of Bowyer's personal property was reported missing. |
| B. | Detective Kraemer was also aware that on July 16, 2011, Bowyer's daughter had reported that Pollock had forcefully abducted Bowyer. Police officers had responded to Pollock's residence where they saw Bowyer and Pollock inside. The officers knocked repeatedly but Pollock would not answer the door. Officers observed Pollock pull the curtains to a window to keep officers from further viewing the inside of the residence. The officers did not make forced entry after discussion with the States Attorney. |
| C. | Detective Kraemer was aware of a subsequent report by Bowyer on July 17, 2011 that she had been abducted, held against her will, and forced to engage in sexual activity by Pollock at his residence. Bowyer stated that Pollock asked her that night what she thought about going to his garage, where they would put their heads together and he would pull the |

> trigger on his .45 caliber pistol to end their lives together.

> D. Detective Kraemer was also aware that the foregoing reports had led the Knox County States Attorney's Office to file charges of Criminal Trespass to Vehicle and Aggravated Kidnapping for which arrest warrants had been issued for Pollock.

> E. Detective Kraemer became aware on or about July 20, 2011 that Bowyer had given a statement that on a Sunday in late June 2011, she had helped Pollock remove guns from his mother's residence. She had carried two brown cloth zippered long gun cases which she believed contained long guns. Pollock had carried closed shoe boxes which she believed contained pistols and ammunition. She was not aware of exactly where the guns were stored, but was aware of hiding places in his garage. Lastly, Detective Kraemer knew that Pollock was a convicted felon whose FOID card had been revoked.

II. Issues

> A. The defendant first requests a *Franks* hearing. *See Franks v.*

*Delaware*, 438 U.S. 154, 155-56 (1978). He claims that the complaint for the search warrant contained material omissions and was made in reckless disregard for the truth, and requests this Court to conduct an evidentiary hearing.

B. The defendant also claims that the complaint for search warrant lacks probable cause because it is based on an unreliable informant. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The defendant does not address the issue of whether the affiant was acting in good faith. *See United States v. Leon*, 468 U.S. 897, 926 (1984).

C. The defendant further claims that the items requested in the search warrant were overbroad and not specific. He is mistaken. *See United States v. Jones*, 54 F.3d 1285, 1290 (7th Cir. 1995).

III. Analysis

A. *Franks* Hearing: This Court should not entertain the defendant's request for an evidentiary hearing. It does not matter that the affidavit omits certain information since he does not make his substantial preliminary showing that the

4

affiant knew of the materiality or acted in reckless disregard for the truth.

1. The Seventh Circuit tests an affidavit's allegedly omitted statements under the same standard that the *Franks* Court has established for false statements. *United States v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990). The omission of a fact from an affidavit is material only if it amounts to deliberate falsehood or reckless disregard for the truth. *Id.* The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard. *Id.* The defendant makes no showing that the affiant entertained serious doubts as to the truth of his allegations or had obvious reasons to doubt the veracity of the allegations. *See United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). *Franks* makes it clear that it is the mind of the affiant that is at issue. *United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000).

2. The defendant's argument is that the information that investigating officers, looking through a window at the defendant's residence could not see any physical signs of assault or injury to the victim, was omitted from the complaint. This is neither a deliberate omission nor a reckless disregard for the truth. The affiant knew:

   a. the report of a July 10 argument between Boyer and Pollock;

   b. the July 16 report by a third person that Bowyer had been abducted forcefully;

   c. the timely report by Bowyer of her abduction and sexual assault;

   d. Bowyer's report of Pollock's threat to shoot both of them with "his" .45 caliber pistol;

   e. Bowyer's report of helping him carry several guns from his mother's residence in late June;

   f. the States Attorney had already found probable cause to charge Pollock with Aggravated Kidnapping and issue an arrest warrant;

g. Pollock was a convicted felon whose FOID card had been revoked.

3. The knowledge attributable to the affiant provides an abundance of probable cause. The absence of visible injuries would not take away from the probable cause that is present. If it had been included, it would not materially change the issuing judge's decision to issue the warrant. Indeed, the absence of physical injury to the victim is probative of nothing. Had there been injuries observed, the injury might have been probative of an assault. Their absence does not suggest that the victim was not assaulted. The absence of the lack of injuries is similar to the lack of evidence in *McNeese* that the trash searches revealed no evidence of drug trafficking. *McNeese*, 901 F.2d at 596. It is simply not a material omission. The issuing judge had a substantial basis for finding that probable cause existed, whether or not the lack of injuries was expressed in the complaint for search warrant.

4. Conclusion: The defendant has not made his substantial preliminary showing required to obtain a *Franks* hearing, nor

has he demonstrated that a "material omission" was made by the affiant, Detective Kraemer. The defendant's attempt to impeach the information known to the affiant with facts that occurred after the warrant should be ignored by this Court. The later facts could not have affected "the mind of the affiant" since they occurred after the issuance of the warrant.

B. Probable Cause/Informant: The complaint for search warrant does allege probable cause.

1. Probable cause is "established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. *Gates*, 462 U.S. at 283. This Court should look only within the four-corners of the affidavit. *United States v. Watts*, 535 F.3d 650, 656 (7th Cir. 2008).

2. As mentioned earlier, Detective Kraemer had reason to believe that, not only had crimes been committed, but the crimes of possession of firearms and/or ammunition was continuing at Pollock's residence. The four-corners

of the affidavit supply more than minimal probable cause. Any reasonably prudent person would be led to believe that evidence of a crime may be present in Pollock's residence.

3. The defendant is mistaken that the rules for informants apply to this case. There was no informant. The victim was identified in the affidavit and key portions of her complaint had been corroborated when her daughter reported the abduction and the police observed her at the defendant's residence thereafter. The statement of the victim of a crime will be presumed credible. *United States v. Mahler*, 442 F.2d 1172, 1174-75 (9th Cir. (1971)).

4. Nor does it matter that the victim did not see a firearm. When viewed in the light of common sense, any reasonable person carrying a cloth gun case could tell by it's weight whether a gun was within the case. When viewed in light of Pollock's statement that he would kill both of them with "his" .45 caliber pistol, the victim, the affiant, and the issuing judge could all reasonably

conclude that defendant was in possession of a firearm.

5. Conclusion: Under the totality of the circumstances, the allegations, and their reasonable inferences, did sufficiently show that a search would uncover evidence of a crime. Even if the victim's credibility was subject to attack, the defendant's lame attempt to use events occurring after the search warrant do not qualify to impeach her statements to the police.

C. Overbreadth: The search warrant particularly described what was sought.

1. The warrant request was not overbroad. The complaint for search warrant named specific items of personal property of the victim and a ".45 cal pistol, and any and all firearms and ammunition." Generic language may be used in search warrant applications to describe the items to be seized if it particularizes the types of items to be seized. *United States v. Hall*, 142 F.3d 988, 996 (7th Cir. 1998) ("any chemicals held sufficient).

2. The description of a ".45 cal pistol" is specific. The

description of any firearm and ammunition is sufficient because the defendant could not lawfully possess any firearm or ammunition.

3. Conclusion: The affiant did know what he was looking for. The defendant does not make any showing that the affiant knew that some of the personal items had been recovered by the victim. Even if the request to seek the personal items fo the victim is viewed as overbroad, only that much of the warrant would fail. The search for the pistol and firearms/ammunition would remain valid as stated with sufficient particularity and severable from any invalid search. *United States v. Reed*, 726 F.2d 339, 342-43 (7th Cir. 1984).

D. The defendant does not address the good-faith exception found in *United States v. Leon*, 468 U.S. 897, 926 (1984). The government specifically claims that the Knox County Sheriff's Department acted in reasonable "good faith" such that the search in question should be upheld.

Respectfully submitted,

UNITED STATES OF AMERICA
JAMES A. LEWIS
UNITED STATES ATTORNEY


**s/: BRADLEY W. MURPHY**
BRADLEY W. MURPHY
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

# CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2013**, I electronically filed the **RESPONSE TO DEFENDANT'S SECOND MOTION TO SUPPRESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Anthony Vaupel

    **s/: Jessica Stowe**
    **Jessica Stowe**
    Legal Assistant
    Office of the United States Attorney
    One Technology Plaza
    211 Fulton Street, 4th Floor
    Peoria, Illinois 61602
    Telephone: 309.671.7050