**E-FILED**
Tuesday, 08 January, 2013 11:53:00 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-10082 |
| | ) | |
| CHARLES W. POLLOCK, JR. | ) | |
| | ) | |
| Defendant. | ) | |

# GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD MOTION TO SUPPRESS

Now comes the United States of America by James A. Lewis, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney for the Central District of Illinois, and in response to defendant's Third Motion to Suppress, states as follows:

I. Factual Background

A. On July 25, 2011, Detective Carl Kraemer of the Knox County Sheriff's Department applied for and received a search warrant to search the premises of the defendant in Knox County for firearms and ammunition.

B. The warrant was executed that same day. During the search of several vehicles on the premises, Detective Kraemer

searched and photographed a Nissan motor vehicle among others. Detective Kraemer thought he was on the property of the defendant at the time he searched and photographed said vehicle.

C. Several weeks after the search warrant was executed, Detective Kraemer learned that the Nissan motor vehicle was located a few yards from the defendant's property line on the land of a neighboring farmer.

II. Issues

A. Does the defendant have a reasonable expectation of privacy in the Nissan motor vehicle? A defendant objecting to a search bears the burden of proving that he or she had a legitimate expectation of privacy in the item searched. *United States v. Yang*, 478 F.3d 832, 835 (7th Cir. 2007).

B. Was the search reasonable despite the later known fact that the Nissan motor vehicle was on neighboring land? If the executing officer held an objectively reasonable belief that the vehicle was on the defendant's property, the search is reasonable and proper. *See Maryland v. Garrison*, 480 U.S. 79,

88-89 (1987); *United States v. Patterson*, 278 F.3d 315, 318 (4th Cir. 2002) (search of vehicle on nearby gravel area).

III. Analysis

A. Expectation of Privacy: The defendant makes no allegation nor does he offer any proof that he had an expectation of privacy in the Nissan vehicle. A hope of privacy is not an expectation of privacy. *California v. Rooney*, 483 U.S. 307, 321 (1987).

1. Whether an expectation of privacy exists for Fourth Amendment purposes depends upon two questions:

1) whether the individual, by his conduct, has exhibited an actual expectation of privacy; and

2) whether the individual's expectation of privacy is one that society is prepared to recognize as reasonable. *Katz v. United States*, 389 U.S. 347, 361 (1967). The defendant herein does not allege an actual expectation of privacy because he had none. He placed the Nissan vehicle on the land of another which subjected the vehicle to the scrutiny of the neighboring landowner and any

invitees that neighbor permitted on the property. Pollock's conduct exhibited no actual expectation of privacy with regard to the vehicle.[1]

2. Even more obvious is that any hope of privacy by Pollock should not be recognized as reasonable. One recognized exception to the requirement of a search warrant is the "open fields" doctrine. The Fourth Amendment's protection of "persons, houses, papers, and effects" does not apply to open fields because open fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance. *Hester v. United States*, 265 U.S. 57, 59 (1924) Any assertion of an expectation of privacy in open fields is not an expectation that society recognizes as reasonable. *See Oliver v. United States*, 466 U.S. 170, 179 (1984).

B. Reasonableness of the Search: Detective Kraemer held an

---

[1]There is a diminished expectation of privacy in "junker" automobiles, especially when they are located in an area allowing public scrutiny. *United States v. Ramapuram*, 632 F.2d 1149, 1153 (4th Cir. 1980).

objectively reasonable belief that he was searching the defendant's premises when he searched and photographed the Nissan vehicle.  Thus it was his belief that the vehicle was part of the premises encompassed by the warrant.

1. This belief, though determined to be mistaken weeks later, is identical to the objectively reasonable belief held by the officers executing the search warrant in *Patterson*. There, the officers mistakenly assumed that *Patterson's* car, parked in a gravel area next to her residence, was on her property.  *Patterson*, 278 F.3d at 316-17.  The officers' belief that the gravel parking area was part of *Patterson's* property was determined to be objectively reasonable, and their execution of the warrant reasonably included the gravel area.  *Id*. At 318.

2. As was the case in *Patterson*, Detective Kraemer also made an objectively reasonable interpretation of the scope of the search warrant.

C. Conclusion: The defendant's Third Motion to Suppress should be denied.

1. The defendant's failure to allege an expectation of privacy is fatal to his motion. Even if he had done so, his assertion would not meet either prong of the *Katz* inquiries.

2. Detective Kraemer's objectively reasonable belief that the Nissan vehicle was included within the scope of the search warrant validates the search of the vehicle.

Respectfully submitted,

UNITED STATES OF AMERICA
JAMES A. LEWIS
UNITED STATES ATTORNEY

**s/: BRADLEY W. MURPHY**
BRADLEY W. MURPHY
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

## CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2013**, I electronically filed the **RESPONSE TO DEFENDANT'S THIRD MOTION TO SUPPRESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony Vaupel

**s/: Jessica Stowe**
**Jessica Stowe**
Legal Assistant
Office of the United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050