**E-FILED**
Thursday, 17 January, 2013 12:32:10 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-10082 |
| | ) | |
| CHARLES POLLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff, Charles Pollock filed two motions to suppress, titled Motion to Suppress [#42] and Third Motion to Suppress [#44] and the Government filed responses [#45] and [#46] respectively. A hearing was held on January 16, 2013 before this Court and the Motion to Suppress [#42] was denied following testimony and argument. The Court then heard further testimony and argument on the Third Motion to Suppress [#44] and this Order follows.

The facts surrounding the Third Motion are that a search warrant was executed on Pollock's residence in July 2011. A search of the home uncovered loose ammunition and Pollock was taken into custody for being a felon in possession of ammunition. While in custody, Pollock contacted a friend using the jail telephone, a conversation which was recorded and heard by detectives. During that conversation, Pollock asked his friend if he had "taken care of that stuff for him yet" and instructed his friend to "pry open the trunk if he had to". That led detectives to apply for a search warrant for the vehicles located on Pollock's property in search of what was thought to be guns and ammunition. Pollock's residence and land were located in rural Illinois on three acres. The property was littered with vehicles, some 50 of them, which Pollock used for scrap. The officers executed the search warrant on July 25, 2011 and among other cars, found a silver Nissan Altima and located firearms in the trunk of that vehicle. As it

turns out, the vehicle was located on a neighbor's property, approximately twenty feet away from the boundary dividing Pollock and the neighbor's property. Pollock thereafter sought to suppress the evidence seized in the Altima as being outside the scope of the warrant, which was limited to those vehicles located on Pollock's property.

The 4th Amendment requires that all search warrants describe with particularity the place to be searched and the persons or items to be seized, which seeks to eliminate an officer's discretion in determining the scope of the search. United States v. Sims 553 F.3d 580, 582 (7th Cir. 2009). If evidence is seized in an area later determined to be outside the scope of the warrant, it may be suppressed unless a search of that area was reasonable in light of the circumstances at the time of the search. Maryland v. Garrison, 480 U.S. 79, 88, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987); United States v. Funderwhite, 148 F.3d 794, 797 (7th Cir. 1998).

The facts of this case dictate a finding that the officer's search of the Nissan Altima located on the neighbors property was reasonable in light of the circumstances that confronted the officer at the time of the search. Specifically, the neighbor and owner of the land on which the vehicle was parked testified that he chose to have the land surveyed a few years before the search, for purposes of determining his estate. However, even after having the land surveyed, apparently neither man saw fit to erect any barrier, corner post or sign indicating the actual boundary between the properties. In fact, the neighbor testified that no one other than himself and Pollock were aware of the boundary. The detective who authored the complaint for the warrant and searched the Altima stated that he viewed the land records prior to executing the warrant, but was only generally aware of the boundary and saw nothing other than a "hot wire", which was a thin wire through which electricity was to run in order to contain the neighbor's cattle. At the time the warrant was executed, it was not running and it did not follow the actual

boundary of the lands, but rather ran "cattywompus" to the boundary. Accordingly, the officer was confronted with a parcel of rural land, with no sign or corner post indicating the boundary of Pollock's property, all filled with abandoned vehicles and his search of the Altima was reasonable in light of those circumstances. Based on this finding, the Court need not address the arguments regarding standing as the search was reasonable.

For the foregoing reasons, the Third Motion to Suppress [#44] is DENIED and this matter remains scheduled for pre-trial and trial in accordance with the previously scheduled dates.

ENTERED this 17th day of January, 2013.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge