IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No. 11-CR-10082 |
| ) | |
| CHARLES W. POLLOCK, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM

Defendant, Charles W. Pollock, by his attorney Anthony W. Vaupel, of Barash & Everett, LLC, offers the following points, authorities, and arguments for the court to consider before sentencing.

**I.  Objections to Presentence Investigation Report**

Defendant objects to the inclusion of the following portions of the Presentence Investigation Report:

1.  Included under PART A. THE OFFENSE, The Offense Conduct, Defendant takes issue with paragraphs 10, 11, and 12.

2.  Defendant denies the allegations in paragraph 10 that during his relationship with Kim Bowyer there was a history of physical and verbal abuse, and that Bowyer assisted Defendant in removing firearms from his mother's residence.

3.  While Defendant admits that Shandelle Henderson reported the allegations contained within paragraph 11 to the Williamsfield, Illinois, Police Department, he denies the substance of the allegations. In fact, Defendant was acquitted of the charges that were brought as a result of these false allegations in Knox County Case No. 11-CF-307.

1

4. Defendant denies the characterization of the allegations in paragraph 12 that "[a]fter contacting the Knox County, Illinois, States Attorney's Office, and after making several failed attempts to get someone to answer the door, officers decided not to force entry into the residence." *Presentence Investigation Report* at 6. The officers were ordered by the Knox County State's Attorney not to enter the residence.

5. Defendant objects to the Base Offense Level calculation in paragraph 32. Defendant's specific objections to this calculation will be addressed under the next section of this Memorandum.

6. Defendant objects to paragraphs 48-53 in that these charges have all been dismissed, and if the court is to take these dismissed charges into consideration it should have the benefit of the entire record regarding these charges, not just a sentence or paragraph in summary.

**II.     Objections to Offense Level**

The Presentence Investigation Report offers a base offense level of 38, and was calculated as follows. The guideline for 18 U.S.C. § 922(g) is found at USSG § 2K.2.1. Under USSG § 2K.2.1. (c)(1)(A), if a firearm was used in connection with another offence, USSG § 2X1.1 is the applicable guideline if it would result in a higher offense level than under USSG § 2K.2.1. The Presentence Investigation Report then goes on to find that Defendant committed Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse. The applicable guideline is USSG § 2A.3.1(a)(2), which maintains a base offense level of 30. The Presentence Investigation Report then allocates a four level increase for conduct described in 18 U.S.C. § 2241(a) or (b), as found in USSG § 2A.3.1(b)(1), and a four level increase since the victim was abducted under USSG § 2A.3.1(b)(5), which resulted in the base level offense of 38.

    a.     **Acquittal**

Defendant agrees with the abovementioned offense level calculation only in that USSG § 2K.2.1. is the applicable guideline for convictions under 18 U.S.C. § 922(g). To cross reference under USSG § 2K.2.1. (c)(1)(A), the firearms must have been used in connection with another offense. As shown in the Presentence Investigation Report on page 15, paragraph 55, Defendant was acquitted of: Aggravated Criminal Sexual Assault, Criminal Sexual Assault with Force, Unlawful Restraint, Aggravated Kidnapping/Inflicting Harm, Kidnapping, Domestic Battery, Criminal Damage to Property, and Battery in Knox County Case No. 11-CF-307 on January 23, 2012. As Defendant has been acquitted of the offenses of which the Presentence Investigation Report cross references, and there is no basis for the court to conclude Defendant committed the underlying acts, the court should not allow cross referencing under USSG § 2K.2.1. (c)(1)(A).

### b. Relevant Conduct

Cross referencing Defendant's conviction for being a felon in possession of a firearm with the alleged Criminal Sexual Abuse is improper because it is not relevant conduct. Cross referencing is only available to conduct which is relevant under USSG § 1B1.3. *See U.S. v. Kulick*, 629 F.3d 165, 169 (3d Cir. 2010). To determine whether Defendant's conduct was relevant, the analysis falls under USSG § 1B1.3(a)(2). For an act to be relevant under "§ 1B1.3(a)(2), three conditions must be met: '(1) it must be the type of conduct described in § 1B1.3(a)(1)(A) and (B) ('all acts and omissions committed… by the defendant'); (2) grouping would be appropriate under § 3D1.2(d); and (3) it must have been 'part of the same course of conduct or common scheme or plan' under § 1B1.3(a)(2).'" *Kulick*, 629 F.3d at 170-71 (quoting *U.S. v. Blackmon*, 557 F.3d 113, 123 (3d Cir. 2009)).

The government cannot satisfy the first condition because there has been no showing that the underlying acts were committed by Defendant. In order to meet the first condition for cross

referencing, the government must show by a preponderance of the evidence that the conduct was committed by the defendant. *See U.S. v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012). The only discussion of the crimes for which the government seeks to use for cross referencing in the Presentence Investigation Report is the fact that Defendant was charged and then acquitted. *See* Presentence Investigation Report at 14. This is strong evidence showing that Defendant did not commit the underlying acts, and certainly does not satisfy the government's burden in proving that the acts took place by a preponderance of the evidence.

Aside from the acquittal, the court has not heard or received any additional evidence at hearings or trial to support a decision to cross reference the defendant. In fact, of the over 1,300 pages of discovery provided by the Government, not one statement by any person even insinuates that the defendant used a firearm in connection with Ms. Bowyer's claim of sexual abuse. To the contrary, Ms. Bowyer's first statement does not reference a gun. Discovery at 000087-000088. Ms. Bowyer's second statement in its entirety reads, "Towards the end of the night he started talking about suicide ask me (sic) what I think about going in the garage take his 45 gun (sic) put our heads together pulled (sic) the trigger to end our life. (sic) Because he said he had nothing to live for. He said after everything that has happen (sic) that I would never see him again." Discovery at 000089. Ms. Bowyer's daughter, Shandelle also gave a statement and did not reference a gun. Discovery at 000183. When Ms. Bowyer went to the police she never referenced a gun other than the defendant stated he might kill himself. Discovery at 000187. Aside from Ms. Bowyer's two written statements and statements to law enforcement, she also testified before the grand jury and, again, mentioned a firearm only in connection with Defendant's thoughts about suicide. Discovery at 224. Later during the Grand Jury testimony Mr. Chambers asked, "You knew he'd brought the guns to his house?" Ms. Bowyer answered,

"I'm assumin' he did. I never saw where he put them at, so I have no idea." Discovery at 000226. This statement confirms that she never saw a gun at any point that night. Shandelle's Grand Jury testimony also omits any reference to a gun or other weapon. Discovery at 000247-000255. Finally, at jury trial in Knox County Case No. 11-CF-307, Ms. Bowyer never references a firearm other than the now familiar claim of suicide. Discovery at 000615. Even setting the acquittal aside, the Government cannot meet its first condition by a preponderance of the evidence.

The government could satisfy the second condition for cross referencing. Unlawful possession of firearms is a groupable offense under § 3D1.2(d). *Kulick*, 629 F.3d at 171.

The government cannot satisfy the final condition for cross referencing which would require a showing that the conduct was "part of the same course of conduct or common scheme or plan under § 1B1.3(a)(2)." *Id.* at 170-71. In order to determine whether offenses are considered the same course of conduct, the court must look to "(1) the temporal proximity between the two offenses; (2) the similarity in the offenses; and (3) the regularity of the offenses." *Id.* at 171.

Defendant's alleged conduct was not temporally proximate. Defendant was convicted of knowingly possessing firearms and ammunition in or about June and July of 2011. *See* Second Superseding Indictment. The allegations of sexual abuse were said to have taken place on July 16, 2011. *See* Presentence Investigation Report at 5. In *U.S. v. Ritsema*, the Seventh Circuit stated that, the "temporal dimension of relevant conduct, however, could not reasonably have been intended to cause a court to convert a single possession conviction into a sweeping tool to gather in all of the otherwise unrelated criminality of a defendant which occurred contemporaneously with the charge-offense." 31 F.3d 559, 567 (7th Cir. 1994). The court

5

refused to interpret cross referencing in such an expansive way to "include wholly remote yet contemporaneous conduct…." Thus, the fact that Defendant was convicted for possessing a firearm on or about June and July 2011, and the alleged relevant conduct supposedly occurred on July 16, 2011, alone, is not enough to satisfy the temporal proximity element. Without more, the possession of a firearm is completely remote to a contemporaneous act of sexual abuse. The alleged victim of the sexual abuse never claimed that Defendant used a firearm in connection with the sexual assault. The only mention of a firearm in relation to the sexual abuse was that the victim claimed, after the intercourse had taken place in a bedroom inside a house, that Defendant said "why don't we just go in the garage. I got a .45 in there, and put our heads together, and we'll just blow our brains out." Discovery at 000615. No firearm was claimed to have been used against or seen by the alleged victim. If Defendant had used the firearm in connection with the sexual abuse then it is likely that temporal proximity, and even cross referencing in general, would be proper. *See Ritsema*, 31 F.3d at 561-62. However, the possibility that Defendant may have been in possession of a firearm, constructively or otherwise, but did not use that weapon in furtherance of the sexual abuse, is too far removed to satisfy the temporal proximity element and cross referencing in general.

The offenses are not similar in nature. In "evaluating this prong, a court primarily should consider the degree of similarity between the offenses, but can also look to the commonality of the victims, the commonality of offenders, the commonality of purpose, and the similarity of *modus operandi*." *Kulick*, 629 F.3d at 172. To be considered relevant conduct, the court requires "a strong showing of similarity, even where temporal proximity was strong." *Id.* For example, "possession of drugs for personal use is too dissimilar, and therefore not relevant conduct, to possession of drugs with intent to distribute, even when the drugs were found

6

contemporaneously." *Id*. at 172 (citing *Jansen v. U.S.*, 369 F.3d 237, 247 (3d Cir. 2004)). Criminal Sexual Abuse and unlawful possession of a firearm are not similar crimes, and no firearm was used in the alleged abuse. While the alleged offender was common, the victims, purpose, and *modus operandi* were not.

The regularity factor has not been satisfied. The inquiry into regularity "considers the repetitions of the offenses." *Id.* at 173. Continuous possession does not automatically render two offenses relevant conduct. *Id.* at 174. When "'illegal conduct does exist in discrete, identifiable units apart from the offence of conviction, the Guidelines anticipate a separate charge for such conduct.'" *Id.* (citing *U.S. v. Hill*, 79 F.3d 1477, 1482 (6th Cir. 1996)). The supposed relevant conduct was an isolated incident, and not a repeated or regular offense.

The government's attempt to cross reference Defendant's relevant conduct is improper as it is similar to *U.S. v. Ritsema* where an "unregistered silencer conviction became a springboard to his actual sentence for obstruction of justice and forcible rape." *Ritsema*, 31 F.3d at 567. There has been no showing that Defendant committed the underlying acts by a preponderance of the evidence, and the connection between the possession of a firearm and the Criminal Sexual Abuse is too far attenuated. There were simply no allegations of a firearm being used in the commission of the abuse. The unlawful possession was no part of a common scheme or plan consistent with the alleged abuse.

### III.     Proposed Offense Level Calculation

The guideline for 18 U.S.C. § 922(g) is USSG § 2k2.1. The base level is found in (a)(7) at 12. This should be increased by 4 under (b)(1)(B) for the number of firearms resulting in 16. This should be reduced under (b)(2) as a collection for a final offense level of 6.

In determining whether "lawful sporting purposes or collection" under USSG §

7

2k2.1(b)(2) is applicable, the courts look to the "relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." *U.S. v. Miller*, 547 F.3d 718, 721 (7th Cir. 2008) (citing Application Note 6 to § 2k2.1). Defendant's collection of firearms and ammunition contained nine firearms, various amounts of ammunition for those firearms, and two magazines with 7.62x39 rounds of which Defendant had no firearm that would accept these rounds. The majority of these firearms are collectibles of significant age, a few nearly meeting the Antiquities Act. All firearms were either Colt or Winchester (or in the case of the Essex arms had Colt parts so that it appeared to be a Colt 1911) and did not have any signs that they had been used recently. Defendant has no prior convictions for firearm offenses, and the firearms and ammunition are otherwise legal to own in Illinois.

The defendant denies that he was convicted and sentenced to 120 days jail in Bureau County 09-CM-42 (PSR Paragraph 42) and therefore believes the appropriate criminal history points are 6 which results in a category III. As a result of an offense level 6 and criminal history category of III the appropriate guideline range is up to 2 – 8 months incarceration.

### IV.     Additional Mitigating Factors

Defendant was self-employed prior to incarceration as the owner operator of Bill's Auto Salvage in Victoria, Illinois. He has strong family relationships and attended the Willow Springs Mennonite Church in Tiskilwa, Illinois. The pastor and another member of this church have written this Court on Defendant's behalf asking for leniency in sentencing. They note Defendant's active role in church activities and willingness to help others. Defendant's

entrepreneurial skill in combination with the support of his family and church will provide Defendant with a strong support system upon his release.

## V. Conclusion

In considering the arguments and relative positions of the parties the Court should grant the defendant's objections to the cross reference suggested by Court Services and the Government. The Court should find that the guns involved in the instant offense were a collection and therefore the appropriate offense level is 6. In addition, the Court should find that the defendant's appropriate criminal points are 6 with a criminal history category of III resulting in an advisory guideline range of 2 – 8 months of possible imprisonment. The court should sentence Defendant to 6 months of incarceration with credit for time served and order his immediate release from custody.

**/s/ Anthony W. Vaupel**
**Anthony W. Vaupel**
**Attorney for the defendant**

## CERTIFICATE OF SERVICE

I, Anthony W. Vaupel, an attorney, hereby certify that on June 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office and all CM/ECF participants to:

Tate Chambers, U.S. Attorney Office
Tate.Chambers@usdoj.gov

**/s/Anthony W. Vaupel**
**Anthony W. Vaupel**

Anthony W. Vaupel (ARDC# 6276096)
Of Barash & Everett, LLC
Defendant's Attorney
256 S. Soangetaha, Suite 108
Galesburg, IL 61401
Telephone: (309)341-6010
Facsimile: (309)341-1945
Email: tony@barashlaw.com