**E-FILED**
Monday, 29 July, 2013  10:07:05 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  11-10082 |
| | ) | |
| CHARLES W. POLLOCK, JR. | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SENTENCING COMMENTARY

Now comes the United States of America by James A. Lewis, United States

Attorney for the Central District of Illinois, and K. Tate Chambers, Assistant

United States Attorney for the Central District of Illinois, and states as follows:

1.      The defendant's denial of guilt should fail.  He has been found

guilty by the verdict of a jury.

2.      The defendant's claim that the firearms were possessed for lawful

sporting purposes or collection, pursuant to USSG § 2K2.1(b)(2), is not well taken.

The application of § 2K2.1(b)(2) is determined by the surrounding circumstances.

USSG § 2K2.1, comment. (n.6).  Application Note 6 gives examples of relevant

surrounding circumstances:

      a)      the number and type of firearms,

b)      the amount and type of ammunition,

c)      the location and circumstances of possession and actual use,

d)      the nature of the defendant's criminal history, and

e)      the extent to which possession was restricted by local law.

*Id.*

The defendant had possessed these weapons for approximately 30 days since he removed them from his mother's residence.  They had been stored in a manner which strongly suggested they were being hidden from others, not as part of a legitimate collection.  They were in the trunk of a car that was not on his property for a good reason.  Under state law, he was a convicted felon and could not lawfully possess any of the weapons. Further, after his arrest, the defendant tried to hide the firearms in the possession of a friend.  The defendant bears the burden of proof that subsection (b)(2) applies.  *United States v. Lewitzke*, 176 F.3d 1022, 1029 (7th Cir. 1999).   He has not done so.

3.      The United States Probation Office has properly applied the Cross Reference found in USSG § 2K2.1(c)(1)(A).  This guideline is to be applied where "the defendant used or possessed any firearm or ammunition *in connection with* the commission or attempted commission of another offense. . ."  USSG § 2K2.1(c)(1). The phrase "in connection with" is further defined in Application

Note 14.  It provides for application of subsection (c)(1) "if the firearm or ammunition facilitated or had the potential of facilitating, another felony offense. . ." USSG § 2K2.1, comment. (n.14)

The defendant forcefully abducted and sexually assaulted Kim Bowyer. During the course of the crime, he referred to going to the garage and killing both he and Kim with his ".45".  Because she had helped him remove the firearms from his mother's residence only a month before, she could reasonably assume that he had a .45 and could end her life if she did not comply with his demands. Thus, the .45 caliber handgun recovered had the potential of facilitating and did in fact facilitate the sexual assault of Kim Bowyer.

The defendant does not have to be convicted of the other offense.  *See United States v. Humphries*, 961 F.2d 1421, 1422 (9th Cir. 1992); USSG § 2K2.1, comment. (n.14(C)).

4.      The defendant was correctly assessed the two-level increase for Obstruction of Justice under USSG § 3C1.1.  The defendant sent two letters to Todd Clayes, knowing he was a potential adverse witness, in which he attempted to influence Clayes to make himself unavailable to testify.  The defendant realized that Clayes' unavailability would increase the chances that the charges against him would not be proven.  This is clearly obstructive conduct.

3

Respectfully submitted,

UNITED STATES OF AMERICA
JAMES A. LEWIS
UNITED STATES ATTORNEY


**s/: K Tate Chambers**
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

## CERTIFICATE OF SERVICE

I hereby certify that on **July 29, 2013**, I electronically filed the

**Government's Sentencing Commentary** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:


Anthony Vaupel


      **s/: Margo Scamp**
      **Margo Scamp**
      Legal Assistant
      Office of the United States Attorney
      One Technology Plaza
      211 Fulton Street, 4th Floor
      Peoria, Illinois 61602
      Telephone: 309.671.7050