IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>CHARLES W. POLLOCK, JR.,<br>    Defendant. | Case No. 1:11-CR-10082-JEH-1 |

**Order**

Now before the Court is the Defendant Charles W. Pollock, Jr.'s most recent effort to obtain compassionate release via both his *pro se* and counseled motions. (D. 174, 188).[1] For the reasons stated, *infra*, the motion is denied.

Pollock was originally convicted on charges of unlawful transport of firearms and tampering with a witness. Specifically, he was found guilty of possession of a firearm by a felon and possession of ammunition by a felon, in violation of Title 18 U.S.C. § 922(g), as well as attempting to tamper with a witness by corrupt persuasion, in violation of Title 18 U.S.C. § 1512(b)(2)(c). On August 6, 2013, Pollock was sentenced to 120 months in the custody of the Bureau of Prisons for Counts 1ss and 2ss, to be served concurrently, and an additional 120 months for Count 3ss, to be served consecutively, followed by three years of supervised release on each count, to run concurrently.

Pollock has made several attempts to overturn his conviction or reduce his sentence. He filed a notice of appeal on August 12, 2013, which was subsequently affirmed by the Seventh Circuit Court of Appeals on August 27, 2014.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Additionally, Pollock filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied by the district court and the denial was upheld by the appellate court.

Pollock has also filed multiple motions for compassionate release, all of which have been denied. His motions have consistently been denied based on the 18 U.S.C. § 3553(a) factors, which the Court has found to weigh against his release. The Court has repeatedly emphasized Pollock's extensive criminal history, including prior convictions for aggravated stalking and violating an order of protection, as well as the serious nature of his offenses, which involved the abduction and rape of Kim Bowyer. The Court has also noted that Pollock has not demonstrated evidence of rehabilitation and has incurred serious disciplinary infractions while incarcerated.

Most recently, Pollock filed an amended motion for compassionate release on May 30, 2025, which is now before the Court. The Government filed a response in opposition to this motion on June 26, 2025. The Court has previously denied similar motions, citing the need to protect the public and the seriousness of Pollock's offenses, which occurred while he was on probation. The Court has also highlighted the lack of evidence of Pollock's rehabilitation and the potential danger his release would pose to the community.

It is well established that in order for a defendant to obtain compassionate release, he must: 1) exhaust his administrative remedies; 2) be eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. 1B1.13; and demonstrate that the balance of sentencing factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. *See e.g. United States v. Johnson*, ___ F. Supp. ___ (C.D. Ill, 2025); No. 1:07-cr-10044-JEH-1, 2025 WL 108809 (C.D. Ill Apr. 11, 2025). However, "[t]here is a presumption against revisiting previously decided issues; '[u]nder the law of the case doctrine, a court generally should not reopen issues decided in

earlier stages of the same litigation.'" *United States v. DeSilva*, No. 4:04-cr-40080-JEH-1, 2025 WL 1047701 (C.D. Ill. Apr. 8, 2025), quoting *SFG v. Musk*, No. 19-cv-02198, 2021 WL 972887, at *1 (N.D. Ill. Feb. 10, 2021), quoting *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (citations omitted).

Twice now this Court has found that, even if Pollock had exhausted his remedies and was eligible for compassionate release, it would not reduce his sentence because of the balance of § 3553(a) factors. The Court now reiterates this conclusion for a third, and final, time: Even assuming Pollock can establish he exhausted his administrative remedies and is eligible for compassionate release, this Court will not reduce his sentence because the balance of § 3553(a) factors weigh against doing so. This conclusion will not change, regardless of any new basis for compassionate release Pollock may attempt to assert in the future.

Accordingly, Pollock's motions (D. 174, 188) are denied. Should Pollock file any additional motions for compassionate release, such motions shall be denied by Text Order with reference to this Order.

*It is so ordered.*

Entered on July 1, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE